# UNITED STATES DISTRICT COURT
For the
SOUTHERN DISTICT OF FLORIDA
WEST PALM BEACH DIVISION



FILED by ___OTS___ D.C.
ELECTRONIC

**May 24, 2016**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

| | |
|---|---|
| **KEITH A THOMPSON** ) | |
| ) | |
| Plaintiff: ) | |
| ) | |
| ) | |
| Vs. ) | Civil Action No: **16-cv-80811-MARRA/MATTHEWMAN** |
| **ROBERT McDONALD A, Secretary,** ) | |
| **U.S. Department of Veterans Affairs,** ) | |
| JEAN BROOKS, individually CATHERINE BENDIG ) | |
| individually MARIA PADILLA, individually ) | |
| LORRAINE GIGLIO, individually TAWANA HOOD, ) | |
| Individually. ) | |
| ) | |
| Defendants: ) | |

## COMPLAINT
### FOR VIOLATIONS OF TITTLE VII
### CIVIL RIGHTS ACT OF 1964 FOR INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS, AND DEMAND FOR JURY
### TRIAL and INJUNCTIVE RELIEF

COME NOW, THE PLAINTIFF, Keith A. Thompson pro se, respectfully request this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support thereof Plaintiff shows unto the Court as follows;

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendants, Robert McDonald, U. S. Department of Veterans Affairs, (Agency) Jean Brook, (Individual) Maria Padilla, (Individual) Catherine T. Bendig, (Individual) Lorraine Giglio, (Individual) Tawana D. Hood (Individual) and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof from engaging in further violations of the Civil Rights Act of 1964 (Title VII) EEOC Case No 510-2014-00076X Agency No 2001-0458-20113101242

1

## JURISDICTION AND VENUE

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. Section 2000e(5). Equitable and other relief are also sought under 42 U.S.C. 2000e(5)(g)

2. Request for right to sue requested on January 30, 2016 from EEOC after EEOC process was exhausted with Agency's failure/Non-Compliance Pursuant to 29 C.F.R §1614-504 to issue final order. Pursuant to EEOC Administrative Judge order dated November 18, 2015. Subsequently a right to sue letter was issued on February 24, 2016 after filling suit on February 22, 2016..

3. Venue is proper, because all of the relevant events occurred within Palm Beach County in the state of Florida, which is located in this district.

4. Plaintiff's Federal and State Law claims against Defendants derive from a common focus of operative fact and are such character that the plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently this court has pendant jurisdiction over Plaintiff's State Law claims against the Defendants.

## PARTIES

5. The Plaintiffs is a natural person residing within Palm Beach County, in Florida currently employed at the WPB Veterans Hospital.

6. The Defendant Robert McDonald, Secretary U.S. Department of Veterans Affair, United States Agency.

7. The Defendants Jean Brooks, Maria Padilla, Catherine T. Bendig, Francine Giglio, Tanana D. Hood are management employees for U.S. Department of Veteran affairs, and all are relevant to my claim of retaliation and collaborating to hide elements of my complaint.

## PREVIOUS LAWSUITES AND ADMINISTRATIVE RELIEF:

8. Prior EEO Case No 2001 V108-0548-2012104239 was filed on August 7, 2012, ended with a Mediation Settlement Agreement.

8a. Civil Action Case# **No16-80246-CVMIDDLEBROOKS/ BRANNON dismissed without prejudice**

2

**PENDING EEOC CASE:**

9. Pending EEOC case No 2001-0548-2015103837 alleging Hostile Environment and retaliation was filed and accepted on July 21, 2015 and currently waiting on Final Agency Decision FAD submitted on March 7, 2016.

**FACTS**

10. In 2010 the Plaintiff suffered a mini stroke (TIA) during employment at the WPB VA resulting in hospitalization.

11. My second interview was duplicitously recorded, which resulted in my initial EEOC Complaint.

12. The plaintiff new or worked with the defendants Catherine T. Bendig, Maria Padilla, Lorraine Giglio, Tawana D Hood, before resigning in January 2011.

13. On January 2011, the Plaintiff resigned from West Palm Beach Veterans Hospital for health reasons.

14. On November 08, 2012 an email was sent from Catherine Bendig Defendant, to Maria Padilla, Brenda Melanson, (who was never contacted) and Lorraine Giglio.

15 Defendant Tawana Hood is not listed as trainer or instructor on the New Medical Administrator Services Employee Agenda on December 12, 2012.

16. On March 25, 2013 Maria Padilla was promoted and appointed as the Phone Room Supervisor.

17. On October 4, 2013 Joanne Deithorn, emailed the Plaintiff stating she remembered the battery issue.

18. On December 5, 2012 Plaintiff raised concerns with facility EEO Manager about being placed in the phone room, were all his conversations would be recorded as well as his daily activity timed via the phone system ACD line.

19. On December 6,2012. Plaintiff emailed Norman Williams EEO Officer of Defendant Lorraine Giglio being loud hostile in her communication

20. On December 14, 2012 the Plaintiff's supervisor, Catherin Bendig informed him of false comments/observations made about the Plaintiff's by other supervisors related to his participation during training NEO.

3

21. On December 17, 2012 the Plaintiff met with Chief, MAS Jean Brooks to discuss perceived hostile environment, which management never addressed.

22. On January 07, 2013 Defendant Catherine Bendig asked complainant to move to a location adjacent to the refrigerator, microwave and table used for section events, which would cause the Plaintiff to be distracted from his work.

23. On March 22, 2013 the Plaintiff was verbally counseled by Maria Padilla for combing his 15minute break and 30 minute lunch to cover a family emergency.

24. Defendant Lorraine Giglio was the plaintiff's Lead during the time he worked in urology in 2010.

25. Defendant Tawana Hood is not listed as trainer or instructor on the New Medical Administrator Services Employee Agenda on December 12, 2012.

26. On December 14, 2012 in her sworn affidavit the defendant Tawana Hood stated that during new employee orientation the plaintiff seemed uninterested or bored. Sworn affidavit October 22, 2013

27. On August 2, 2013 Plaintiff was informed that his request to use annual leave in lieu of sick leave for August 16, 2013 was disapproved and charged as LWOP and AWOL.

28. On October 22, 2013 in her sworn affidavit Defendant Tawana Hood stated that she had no knowledge of Plaintiff or the Plaintiff's prior EEO activity.

29. On October 22, 2013, in her sworn affidavit Defendant Tawana Hood stated that she was the timekeeper on August 28, 2013, but don't remember what happen with regards to the Plaintiff's AWOL status being changed to LWOP.

30. On October 22, 2013 in her sworn affidavit Defendant Tawana Hood stated she instructed insurance scanning for new employee orientation on December 12, 2012. Sworn affidavit

31. On May 20, 2015 in an email Maria Padilla stated that she was not aware of any EEO complaint.

32. On October 09, 2013 Maria Padilla-Jimenez in her sworn affidavit stated that she had no direct knowledge of the Plaintiff combining his lunch and breaks together, and she was not my supervisor at the time.

33. On October 10, 2013 in her sworn affidavit Catherine Bendig stated that they (the new employees) in including the Plaintiff were brand new to her, and she did not know any of them, (the new employees).

4

34. On October 10, 2013 in her sworn affidavit Catherine Bendig stated that that she spoke to one employee Lillian Brown or Lillian Bentley she was not sure.

35. On October 22, 2013 Defendant Catherine Bendig in her sworn affidavit stated that she had no direct knowledge of the Plaintiff combining his lunch and breaks together.

36. On October 22, 2013 in her sworn affidavit Lorraine Giglio stated that she had no direct knowledge of the Plaintiff combining his lunch and breaks together.

37. On October 22, 2013 in her sworn affidavit, Lorraine Giglio stated that, "I apologized because I did not know he was still in training. So I didn't feel I spoke loudly.

38. On October 22, 2013 in her sworn affidavit, Lorraine Giglio stated that, she meet with the Plaintiff and supervisor. However, she could not remember the date.

39. On October 22, 2013 in her sworn affidavit Jean Brooks stated Ketina Alowu, Cathy Bendig and Marijoi (Maria Padilla) all had knowledge of the Plaintiff's seven (7) issues.

40. On October 22, 2013 in her sworn affidavit, Jean Brooks stated that my prior EEOC complaint was considered when placing me in the "phone room".

41. On October 22, 2013 in her sworn affidavit Jean Brooks stated that Supervisor Catherine Bendig always checks with the leads that perform the training to get feedback. Then always goes to the employee and says, what do you need from me?

42. On October 22, 2013 in her sworn affidavit Jean Brooks stated the Plaintiff had already been through this training (NEO) once before when he was previously in this position.

43. On October 22, 2013 in her sworn affidavit Jean Brooks stated Catherine Bendig also received information about another person. Who was pregnant, and sleeping, during training.

44. On October 22, 2013 in her sworn affidavit Jean Brooks stated she felt the Plaintiff would be given a more fair shot and opportunity at being successful he was placed in the phone room.

45. On October 22, 2013 in her sworn affidavit Jean Brooks stated she did not remember the Plaintiff saying he was in a hostile environment, but he wanted to prevent it.

46. On October 22, 2013 in her sworn affidavit, Jean Brooks stated that his next line supervisor Catherine Bendig, Knew of him from the Plaintiff's previous position at the Medical Center in another department, Medical Media. However, did not know the Plaintiff.

47. On October 22, 2013 sworn affidavit Jean Brooks stated it's a very complex job. And he is very good at it, by the way. Meaning the Plaintiff.

48. On November 19, 2013 Brenda Clements in a signed letter stated she witness and issue in 2010 when Lorraine Giglio (Defendant) loudly confronting the plaintiff as he sat at his desk.

49a. On June 9, 2015 @ 10:46:51 Defendant Maria Padilla Sent an email to the Phone Staff and Jeffrey Duggins consistent with the Plaintiffs 00:05:10 bathroom break.

49b. On June 9, 2015 @ 11:29 Plaintiff emailed Norman Williams EEO Officer of Defendant Catherine Bendig, (Defendant) Maria Padilla (Defendant) Jeffery Duggins Supervisor, requesting immediate removal from an hostile environment which took place 3 months later in two moves.

50a. On June 10, 2015 @ 9:04 a Memorandum from Jeffery Duggins Supervisor, was sent to all staff notifying them that Maria Padilla was being removed as the Phone Room Supervisor immediately effective June 09, 2016.

50b. On June 10 2015 @ 09:22 the Plaintiff observed Maria Padilla (Defendant) looking in to a magnified mirror on her desk, which was is pointed at the Plaintiff's desk to monitor Plaintiffs movement.

51. On June 16, 2015 Maria Padilla (Defendant) was removed as the supervisor to work on actions items and scheduling audits, while a Fact Finding for Hostile environment was conducted.

52. On June 24, 2015 Rudd, Della, Acting Assistant Chief, MAS requested a meeting to discuss a fact finding for an on- going hostile environment claim by several other employees alleged against Maria Padilla.

53. In August 2015 the Plaintiff suffered multiple mini strokes (TIA) during employment at the WPB VA resulting in hospitalization.

53a. Under the leadership of Maria Padilla, a phone room employees suffered stroke and retired.

53b. Under the leadership of Maria Padilla, an Operator room employee suffered stroke.

54 On Aug 26, 2015 Maria Padilla (Defendant) was removed a second time as the supervisor and temporarily reassigned.

55. On July 21, 2015 the Plaintiff filed third formal EEO complaint N0 2001-0548-for retaliation and hostile environment.

6

56. The Defendants Jean Brooks, Maria Padilla, Catherine T. Bendig, Lorraine Giglio, Tanana D. Hood are employees of the Defendant U.S. Department of Veteran affairs and all are relevant to my claim of retaliation and collaborating to hide elements of my complaint.

57. Defendant Lorraine Giglio knew and worked the plaintiff as a Lead during the time he worked in urology in 2010

58. On October 4, 2013 the plaintiff emailed Joanne Deithorn, asking her if she remembered the Plaintiff calling her during NEO to replace the batteries on the keyboard for the overhead projector.

59. Loretta Feliciana was assign to the phone room had prior EEO activity.

60. Renee Jones was assigned to the phone room and had prior EEO activity.

61. Alisha Darcy was assigned to the phone room and had prior EEO activity.

62. Melanie Prosser was assigned to the phone room and had prior EEO activity.

63. Jerome Darville was assigned to the phone room and had prior EEO activity.

64. Brenda Clements was assigned to the phone room and had prior EEO activity.

65. Don Sorge (retired) was assigned to the phone room and had prior EEO activity.

## INJURY AND TREATMENT

66. Immediately after being assigned to the phone room in November 2012, I started to experience shortness of breath, racing or unwanted thoughts, fatigue, headaches, restlessness and sweating. I starting feeling irritable, nausea, abnormal heartbeat, and like something was about to happen and I was being watched. I would later be diagnosed with Anxiety, and placed on several strong drugs Hydroxyzine HCL 10MG For Anxiety, Sertraline HCL 100MG Tab for Mood, Anxiety and Panic. I would continue to experience these symptoms almost daily, even after my removal from the phone room and under its leadership in September 2015. During the period from November 2012 until present I have suffered from Panic/Anxiety attacks, suffered a second stroke at work prior to leaving the phone room, which resulted in my hospitalization. As a result of all my stress related illness, most resulting in hospitalization including severe chest pains, dizziness, chronic muscle pain, (neck) requiring medication, (muscle relaxants). As a result, I used an excessive amount of sick leave, (SL) annual leave (AL) and leave without pay (LWOP) under the Family Leave Act (FMLA). According to my Neurologist, the damaged from the strokes are permanent and increase my odds of having a massive stroke at future point in my life. I previously worked under similar hostile environment for Joanne Deithorn, chief of Medical Media Services at the

7

WPB VA. Reluctantly, I was forced to resign January 2011, for health reasons as a result of my first stroke and the many side effects. I am currently seeing a psychiatrist and being treated for my anxiety with medications, to prevent/ reduce panic attacks.

**COUNT 1- REPRISAL VIOLATION OF TITTLE VII CIVIL RIGHTS ACT OF 1964**

67. Per se Reprisal, On December 14, 2012 Plaintiff's supervisor, Catherine bending informed him of false comments/observations made about the Plaintiff by other supervisor/Lead related to his participation during New Employee Orientation Training Class (NEO).

68. Reprisal, the ADR Settlement Agreement signed by Mrs. Jean Brooks on December 2, 2012, prohibits reprisal. The duplicitous placement, of the plaintiff in the "Phone Room", with similar (majority) employees with prior EEOC complaints, discipline problems, and mental issues. Can be argued as a "Retaliation Move "The Agency's adamant commitment to keeping the plaintiff in a hostile environment resulted in diagnosed anxiety, stroke and stress related illness resulting in hospitalization for a period of 3years.

69. Per se Reprisal On December 14, 2012 the defendant Tawana Hood made untruthful comments stating that during new employee orientation the plaintiff seemed uninterested or bored. Her comments solicited or unsolicited were not factual, and was damaging, insulting, and caused emotional distress. Both defendants had course of dealing from my previous employment several years prior during my Job capacity in Medical Media and may have been privy to my prior EEOC complaint through gossip, and COVERTED HEADS UP EMAILS.

**COUNT 2 - HOSTIL ENVIRONMENT VIOLATION OF TITTLE VII CIVIL RIGHTS ACT OF 1964**

70. Hostile environment, On December 6, 2012, Plaintiff emailed Norman Williams, EEO manger, about Lorraine Giglio phone room lead loudly accusing Plaintiff of not signing out of the phone system's ACD line, a system used to monitor calls between Patient and employee, monitor Breaks, Lunch and signing out. The ADC line allows supervisor and management to listen in on your conversation at their discretion. The defendant Lorraine Giglio had course of dealing during the Plaintiff previous employment in the Urology department at the WPB VA, were defendant loudly in front of other co-workers accused the Plaintiff of not being at his desk during morning rounds.

71. Hostile environment, On December 17, 2012 Plaintiff met with Defendant Jean Brooks, chief of Medical Ambulatory Services (MAS) to discuss his belief that he was in a hostile environment, the defendant Jean Brooks, never addressed the issues brought up during the meeting. Subsequently, a formal

8

EEOC complaint was filed on February 21, 2013 CS# 2001-0548-2013101242 after receipt of *Notice of Right to File a Discrimination Complaint*.

72. Hostile environment, On January 7, 2012 Defendant Catherine Bendig, supervisor asked Plaintiff to move next to Lorraine Giglio for observation, the location was adjacent to the refrigerator, microwave and a large table used for section events. This movement was protested by the Plaintiff, because of course of dealing with the Defendant Lorraine Giglio and previous hostility toward the Plaintiff. Furthermore, there was no writing policy or memorandum, giving the Plaintiff the belief it was because of his status. The new employee, Heather D with less experience, was never asked to sit near the lead, she was previously schedule to go to 9B, and Kathy Hines was to go to the phone room. However, they were switch for reasons unknown.

73. Hostile environment, on March 22, 2013 after approval by the one of the leads to take an early lunch, the Plaintiff left at 10:15 am 45 minute prior to his schedule 11:00 lunch break, to take lunch to his three year old son's daycare, in which his mother had forgotten. Upon return he was approached by Kristie Moquet the timekeeper stating that the Defendant Catherine Bendig, supervisor wanted the Plaintiff call her and to put in 15 minutes leave because it was not allowed too combine lunch and breaks. An emailed dated March 22, 2013 10:21am that was sent from Kristie Moquet to: Catherine Bending (Defendant), Maria Padilla (Defendant), Lorraine Giglio (Defendant), informing them that I was leaving for lunch early. An emailed dated March 22, 2013 10:26 am was sent from Defendant Catherine Bendig to: Katina Olowu Assistant Chief MAS, Maria Padilla (Defendant), Lorraine Giglio (Defendant), Kristie Moquet (Defendant), instructing Maria Padilla-Jimenez phone room supervisor (Defendant) to explain the leave policy.

## COUNT 3 – HARASMENT VIOLATION OF TITTLE VII CIVIL RIGHTS ACT OF 1964

74. Harassment On August 16, 2013 the Plaintiff was denied annual leave in lieu of Sick leave even though he had sufficient leave and an approved FMLA. Plaintiff did not have sufficient SL and should have been charged LWOP, However, it was it was listed on his tour schedule as AWOL.

75. Harassment, On June 10, 2015 as the Plaintiff stood up to go on a bathroom break he observed Maria Padilla (Defendant) looking into a magnified mirror on her desk, after returning. The plaintiff asked Maria Padilla if she was spying on him, in which she replied "no". Moments after Maria Padilla left, the Plaintiff took a picture with his phone of the mirror on the desk of Maria Padilla and notice it was pointing directly at the back of his chair and computer.

## COUNT 4 - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

9

76. The Defendants intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that were unprofessional and intend to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff to resign from his current job or be discredited for any other job at the West Palm Beach Veterans Hospital. On January 30, 2015 a letter was sent to the Agency for failure/Non-Compliance to provide Plaintiff with the Agency Final Order or any efforts complete the EEOC process closed. The agency's flagrant failure to follow the rules of the EEOC process has forced my hands.

**REQESTED REFLIEF/DAMAGES**

Wherefore, The plaintiff, **Keith A. Thompson** respectfully demands relief/damages to extent possible, injunctive and declaratory relief against the Defendants, **ROBERT MCDONALD, SECRETARY U.S. DEPARTMENT OF VETERANS AFFAIRS, JEAN BROOKS, CATHERINE T. BENDIG, MARIA PADILLA-JIMENEZ, LORRAINE GIGLIO, and TAWANA D. HOOD,** jointly and severally together with court cost and reasonable attorney's fees, (should one be added) as follows:

(A) For preliminary and permanent injunctive relief, enjoining all the named Defendants and other conspirators from engaging in further violations of the Title VII of the Civil Rights Act, 1964

(B) For order awarding actual damages in the following amount: $400.00 court filling fee and any and all cost associated with this claim and prior claim, Civil action No:16-80246-CV

MIDDLEBROOKS/BRANNON.

(C) For order awarding Punitive damages for discrimination "with malice or reckless indifference for violation Title VII of the Civil Rights Act, 1964 U.S. EEOC §**1981A** in the following amount:

1. Against **Robert McDonald, Secretary, U.S. Department of Veterans Affairs** (Defendant) $50.000
2. Against Jean Brook (Severally) $2,000
3. Against Katherine Bendig (Severally) $2,000
4. Against Maria Padilla (Severally) $2,000
5. Against Lorraine Giglio (Severally) $1000
6. Against Tawana Hood (Severally) $1000

(D) For order awarding compensatory damages for pain a suffering, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, for violation of Tittle of the Civil Rights Act, 1964, U.S. EEOC §**1981A** in the following amount:

1. Against **Robert McDonald, Secretary, U.S. Department of Veterans Affairs** Agency (Defendant), $250,000
2. Against Jean Brook (Severally) $5,000
3. Against Katherine Bendig (Severally) $3,000
4. Against Maria Padilla (Severally) $2,000
5. Against Lorraine Giglio (Severally) $1000
6. Against Tawana Hood (Severally) $1000

Keith Thompson, Plaintiff
3825 Torres Circle
West Palm Beach Florida
Email: Islandgraphics.biz@gmail.com
Tel: 954-822-9636

BY: _[signature]_            Date: 05/24/2016